**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant, | 13 Civ. 0935 (JGK)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**TRUSTEE'S OBJECTION TO MOTION TO STAY APPEAL OF ORDER DENYING**
<u>**REMOVAL OF TRUSTEE**</u>

Appellee Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), individually, by and through his undersigned counsel, respectfully objects to the motion, filed by Steven, Richard and Martin Surabian (the "Appellants") seeking to extend time and stay the above-captioned appeal from the November 14, 2012 Order (the "Denial Order") (ECF No. 5080)[1] of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which denied the Appellants' motion to remove the Trustee, pending completion of certain other Bankruptcy Court proceedings.

## PRELIMINARY STATEMENT

The stay sought by the Appellants of this appeal is unnecessary and inappropriate.[2] The resolution of the bankruptcy proceedings relied upon by the Appellants as a basis for the stay will have no impact on this appeal. The bankruptcy proceedings, outlined in detail below, involve the Appellants' attempts to establish that they were customers of BLMIS despite the fact that there are no records to support this contention and the Appellants have provided no written documentation to support their claims. In that regard, the Appellants have asked the Bankruptcy Court to reconsider the order expunging their claims, months after the expungement order was

---

[1] All ECF references refer to pleadings filed in the main bankruptcy proceeding pending before the United States Bankruptcy Court for the Southern District of New York, captioned *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.) (BRL), unless otherwise noted.

[2] The Appellants also seem to be requesting additional time to file their opening brief in this appeal. The Trustee takes no position on whether such an extension is appropriate but has, by letter to this Court dated April 17, 2013 proposed a revised briefing schedule should this Court be inclined to grant such an extension. *See* Declaration of Amy Vanderwal in Support of the Trustee's Objection to Motion to Stay Appeal of Order Denying Removal of Trustee ("Vanderwal Decl."), Ex. A. Specifically, the Trustee has proposed that (i) the Appellants serve and file a brief by May 17, 2013; (ii) responses to the Appellants' brief be served and filed by June 7, 2013; and (iii) any replies to the responses be filed and served by June 21, 2013. Depending on the date upon which an order is entered resolving the instant motion, an adjustment of these dates may be appropriate.

entered and have sought to depose Bernard Madoff and subpoena the books and records of BLMIS, the Trustee and the Securities Investor Protection Corporation.

In contrast, in the instant appeal, the Appellants seek to overturn the Bankruptcy Court's denial of their request to grant the extreme remedy of removing the Trustee. The Appellants will need to persuade this Court that the Bankruptcy Court was capricious in finding Appellants failed to identify a specific and significant factual basis for the removal of the Trustee.

Contrary to the Appellants' assertions, at no time did the Trustee agree that this appeal should be stayed pending resolution of the Bankruptcy Court proceedings. In fact, the only possible explanation for the Appellants' attempt to link the Bankruptcy Court proceedings with the instant appeal is that they are attempting to create standing for this appeal when none otherwise exists. However, the Appellants did not properly commence the original motion before the Bankruptcy Court because they lacked standing, they did not properly commence this appeal for the same reason and they cannot bring this motion in hopes of delaying the appeal until sometime in the future when they may or more likely may not have standing. Because there is no valid reason to further delay this appeal, the Motion should be denied.

## RELEVANT PROCEDURAL BACKGROUND

### A. The Surabians' Appeal From The Denial Of Their Motion To Remove The Trustee

On November 14, 2012, the Bankruptcy Court entered the Denial Order following a hearing on the Appellants' motion. The Bankruptcy Court denied the Appellants' motion with prejudice, stating that the Appellants had not shown cause for implementing the extreme remedy of removing the Trustee, as they failed to set forth specific facts in support thereof, either in their papers or at the hearing, and had made only unsupported, conclusory allegations of prejudice. (ECF No. 5080).

On November 30, 2012, Appellants filed an untimely notice of appeal to the Denial Order. (ECF No. 5136); *see also* Fed. R. Bankr. P. 8002(a). Appellants also failed to timely comply with other requirements necessary to perfect their appeal, including filing a timely designation of items to be included in the record of appeal with a statement of issues.[3]

On February 27, 2013, this Court entered an order that set March 26, 2013 as the date by which the Appellants were required to file their brief and April 19, 2013 as the date by which the Trustee was required to file his opposition brief. Order, ECF No. 5 ("Scheduling Order"). By letter dated April 8, 2013, counsel for the Trustee informed the Court that the Appellants had failed to file their brief. Subsequently, the Appellants filed the instant Motion asserting that they had not received notice of the Scheduling Order until April 8, 2013 and seeking to stay the appeal until resolution of the proceedings in the Bankruptcy Court. (ECF No. 8.)

### B.  The Bankruptcy Court Proceedings

The Appellants have filed several motions, certain of which are currently scheduled to be heard before the Bankruptcy Court on April 25, 2013, related to their attempt to assert they were customers of BLMIS despite the fact that the books and records of BLMIS do not support this claim. The Appellants' claims were expunged by the Bankruptcy Court, in accordance with the claims process established by that Court because there was no evidence that they ever invested with BLMIS. Expungement Order, April 19, 2012, ECF No. 4779. Despite the fact that they did not oppose the expungement at the time, they have since filed a flurry of untimely pleadings seeking to vacate the Expungement Order.

Specifically, the Appellants have filed:

---

[3] The Trustee reserves his right to make any and all arguments regarding the procedural, jurisdictional and substantive shortcomings of the Appeal.

4

- Motion to File Late Opposition to Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS, on January 2, 2013 (ECF No. 5186) ("Motion To File Late Objection to Expungement Motion").

- Motion to File Late Notice of Appeal of Order Granting Approval [of Trustee's Third Omnibus Motion], on January 2, 2013 (ECF No. 5186) ("Motion to File Late Appeal of Expungement Order").[4]

- Objection to Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS, on January 2, 2013 (ECF No. 5187) ("Objection to Expungement Motion").

- Motion to Subpoena Bernard L. Madoff on January 2, 2013 (ECF No. 5188) ("Motion To Subpoena Madoff").

- Motion to Vacate Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS Regarding the Surabians Claims, on January 22, 2013 (ECF No. 5206) ("Motion To Vacate Expungement Order").

- Motion to File Late Appeal of the Order Approving the Trustee's Motion for an Order Granting the Second Interim Distribution to Customers of BLMIS on January 7, 2013 (ECF No. 5209) ("Motion To File Late Appeal of Second Interim Distribution Order").

- Motion to Subpoena the Books and Records of BLMIS, Bernard L. Madoff, SIPC and the Trustee Concerning the Customers and Payments to Customers and How They Were Determined to be Customers of BLMIS, on March 25, 2013 (ECF No. 5290) ("Motion to Subpoena Books and Records").

Because of the numerous pleadings filed, the Trustee, SIPC and the Appellants agreed to a series of notices of adjournment, dated January 31, 2013 (ECF No. 5215), March 15, 2013 (ECF. No. 5281) and March 27, 2013 (ECF No. 5291), to address the briefing and argument of the Appellants' motions. Pursuant to the final Notice of Adjournment (the "Notice of Adjournment"), and after consultation with the Bankruptcy Court, the Trustee and the Appellants agreed that a hearing on the Motion to File Late Objection to the Expungement Motion, the

---

[4] The Motion to File Late Appeal of Expungement Order was included in the same document as the Motion For Late Filed Objection (ECF No. 5186).

Motion to Vacate Expungement Order, the Motion to Subpoena Madoff and the Motion to Subpoena Books and Records would be held before the Bankruptcy Court on April 25, 2013. The Trustee, SIPC and the Appellants also agreed that determination of the briefing schedules and hearings on the Motion to File Late Appeal of Expungement Order, the Motion to File Late Appeal of Second Interim Distribution Order and the Objection to Expungement Motion would be set for a status conference on April 25, 2013. The Notice of Adjournment made no mention of the instant appeal, which was docketed in this Court on February 8, 2013. *See* Vanderwal Decl., Ex. B.

## ARGUMENT

### A.  There Is No Basis To Stay The Appeal

The Appellants have provided no valid basis for staying the appeal. In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (i) the interests of the plaintiffs in proceeding expeditiously as balanced against the prejudice to the plaintiffs if delayed; (ii) the interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest. *Consolidated Edison Co. of New York v. United States*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998) (*citing Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). In balancing these factors on a case-by-case basis, the central goal is to avoid prejudice. *Id.*; *see also GTFM, Inc. v. Par*k, No. 02 Civ. 7020 (DLC), 2002 WL 31890940 (S.D.N.Y. Dec. 30, 2002).

The Appellants have failed to articulate any prejudice they would suffer from the appeal going forward.[5] There is no relationship between the proceeding in the Bankruptcy Court and

---

[5] This is particularly true because the revised briefing schedule proposed by the Trustee in his letter to the Court dated April 17, 2013 would give the Appellants more than three weeks after the Bankruptcy Court hearing to submit their opening brief to this Court.

6

the appeal.  Viewing the Appellants' actions in the best possible light, what they are attempting to do is delay this appeal so that, in the unlikely event they prevail before the Bankruptcy Court, they can argue retroactively that they had the standing to bring this appeal in the first instance.  Even setting aside the obvious weaknesses associated with this position, any result in the Bankruptcy Court would not change the evaluation to be made by this Court of whether the Appellants have demonstrated sufficient cause to invoke the "extreme remedy" of removing the Trustee which requires the party seeking to remove the trustee to prove that there has been fraud or an actual injury to the debtor.  *See In re Lundborg,* 110 B.R. 106 (Bankr. D. Conn. 1990) (citing *Matter of Freeport Italian Bakery, Inc.*, 340 F.2d 50, 54 (2d Cir. 1965).  *See also Morgan v. Goldman (In re Morgan)*, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007).  This Court will need to consider whether the Appellants have shown specific facts supporting cause or whether they have merely, as the Trustee has argued and the Bankruptcy Court found, made unsupported, conclusory allegations of prejudice that do not rise to the level of cause.  *See Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003).

In contrast, the potential for prejudice to the Trustee and BLMIS customers is significant. The Trustee is administering a large, complex liquidation and litigating thousands of cases.  The ability of the Trustee to efficiently administer the estate is threatened by baseless delays, particularly in this case where the Trustee and the Appellants specifically discussed and agreed upon which matters would go forward and which would be postponed.  In January and twice in March, the Appellants and the Trustee agreed to the schedule contained in the Notices of Adjournment.  At no time did the Appellants request that the instant appeal be delayed.  Given the extreme nature of the relief that the Appellants seek and the effect it would have on the SIPA liquidation, holding the appeal in abeyance prejudices the progress and administration of the

estate.  The Trustee relied upon this schedule in allocating his resources in this liquidation of unprecedented size and scope and such delays impede his ability to effectively manage the case.  Given the number of pleadings filed by the Appellants, any delay also impacts on the ability of the Bankruptcy Court and this Court to efficiently administer their dockets.

It is also in the interest of all of the customers of BLMIS and the public at large to conclude matters expeditiously when the question on appeal involves an issue of such significance to the litigation.  Regardless of the strength of the Appellants' arguments, the question of whether the Trustee should be removed should not linger unresolved.  Given that the prejudice to the Trustee, BLMIS customers, this Court, the Bankruptcy Court and the public interest greatly outweighs that of the Appellants in this instance, their Motion should be denied.

## **CONCLUSION**

For these reasons, the Trustee respectfully requests that this Court deny the Appellants' motion to stay the appeal.

| | |
|---|---|
| Dated: New York, New York<br>April 24, 2013 | Respectfully submitted,<br><br>/s/ *David J. Sheehan*<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Jorian L. Rose<br>Email: jrose@bakerlaw.com<br>Seanna R. Brown<br>Email: sbrown@bakerlaw.com<br>Amy E. Vanderwal<br>Email: avanderwal@bakerlaw.com<br><br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for Plaintiff-Appellee*<br>*Irving H. Picard, as Trustee*<br>*for the Substantively Consolidated SIPA*<br>*Liquidation of Bernard L. Madoff*<br>*Investment Securities LLC and*<br>*Bernard L. Madoff* |