```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

RICHARD SURABIAN, ET AL.,

              Appellants,         13 Civ. 935 (JGK)

     - against -              MEMORANDUM OPINION
                                                       AND ORDER

IRVING H. PICARD,

              Appellee.

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se appellants--Richard Surabian, Steven Surabian, and Martin M. Surabian (deceased)--have moved to extend time and stay the appeal from the November 14, 2012 Order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")--which denied the appellants' motion to remove Irving H. Picard as trustee (the "Trustee")--pending the resolution of certain other Bankruptcy Court proceedings. The appellee, Irving H. Picard, objects to the motion.

                                     I.

    On November 14, 2012, the Bankruptcy Court entered an order (the "Denial Order") denying the appellants' motion to remove the Trustee. (Bankr. ECF No. 5080.) On November 30, 2012, the appellants filed with the Bankruptcy Court a notice of appeal from the Denial Order. (Bankr. ECF No. 5136.)

After this Court entered a scheduling order for the appeal, the appellants filed the present motion, asserting that they had not received notice of the scheduling order until after their brief was due, and seeking to stay the appeal pending the resolution of certain other Bankruptcy Court proceedings. (ECF No. 8.)

In the Bankruptcy Court, the appellants had filed various motions related to their attempt to assert that they were customers of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for which Picard was the Trustee. The appellants then sought to stay the present appeal until the other matters before the Bankruptcy Court were decided.

## II.

The Trustee has informed the Court that the Bankruptcy Court proceedings, which the appellants had relied on for their motion to stay the appeal, have now been completed and that all issues raised by the appellants in the Bankruptcy Court have been resolved. (Trustee's Letter to the Court dated April 26, 2013.) The appellants have not contended otherwise. There is therefore no longer any basis to stay the appeal. Accordingly, the appeal should now proceed without further delay.

In any event, the appellants have provided no valid basis for a stay of the appeal. See Kappel v. Comfort, 914 F. Supp.

1056, 1058 (S.D.N.Y. 1996) (listing factors to be considered). The basic goal when deciding whether to grant a stay is to avoid prejudice.  See id.

Here, the appellants have failed to indicate that they would suffer any prejudice if the appeal went forward. Meanwhile, the Trustee and the BLMIS customers have a significant interest in proceeding expeditiously with the appeal.  The Trustee is administering a large, complex liquidation, and should able to administer the estate efficiently and without any cloud on his authority.  It is in the interest of the public at large for such matters to be concluded expeditiously.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the appellants' motion is **denied**. The Clerk is directed to close Docket No. 8.

The appellants' brief is now due on July 15, 2013. The appellee's brief is due on August 16, 2013. Any reply brief is due on August 30, 2013.

**SO ORDERED.**

**Dated:    New York, New York
           June 13, 2013**                 __/s/_____
                                           **John G. Koeltl
                                           United States District Judge**