UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RICHARD SURABIAN, et al.,

                  Appellants,

    -against-

IRVING H. PICARD,

                  Appellee,
-------------------------------------------------------X

13 civ 935 (JGK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/28/2013

## APPELLANTS' MOTION TO STAY PROCEEDINGS OF ORDER DENYING REMOVAL OF TRUSTEE

**NOW** comes the Appellants Richard Surabian, Steven Surabian and Martin M. Surabian's (deceased) (collectively, the "Surabians") Motion Stay Proceedings and in support is the Following:

1. On June 18, 2013 the Appellants received John G. Koeltl, United States District Judge, June 13, 2013 Order.

2. The Judge relied on the Trustee's information that the Bankruptcy Court proceedings, which the appellants had relied on for their motion to stay the appeal, have now been completed and that all issues raised by the appellants in the Bankruptcy Court have been resolved, when they were not.

3. In the Motion to Stay Proceedings dated April 9, 2013 the Appellants state in their No. 5, that they have a Motion pending to Vacate an Expungement Order which Expunged the Surabians Claims because the Surabians never received the Motion which named the Surabians as non-customers, and in

No. 6, the Appellants mention they also have pending Motions to File Late Appeal and Late Appeal and Late Objections to the Expungement Motion and Order.

4. Attached to the Trustee's letter dated April 26, 2013 as Exhibit "A", is the Bench Ruling which on page three of Exhibit "A" last sentence, "Nevertheless, as the appeal of the Expungement Order is now Docketed in the District Court and appears to be currently pending there, I will refrain from Issuing a ruling, as the newly docketed appeal is now subject to disposition under the District Court's Motion Practice".

5. An Appeal has been file relating to the Appellants Motions to (I) Vacate Expungement Order, (II) Late Opposition Motion, (III) Madoff Subpoena Motion, and (IV) Records Subpoena, which the Trustee has filed a Counter-Designation of Items to be Included in the Record on Appeal and Counter-Statement of Issues to be Presented on Appeal.

6. Appellants Reply dated April 26, 2013 these very same issues were raised.

7. The April 26, 2013 letter by the Trustee to The Honorable John G. Koeltl was just another attempt by the Trustee to Deceive the Courts regarding the Surabians and the evidence presented showed all issues raised by the Surabians in their Motion and Reply for a Stay were not resolved.

8. This Motion is not intended to delay this Appeal rather the final outcomes of

the pending Appeals are necessary to show that the Trustee is not doing his job properly and must be Removed.

9. It is the Trustee that claims the Surabians are not listed in the records of BLMIS and yet the Trustee objects to the Surabians having access to those same very records and Bernard L. Madoff himself.

10. The Trustee claims that the Surabians have already been Expunged as Customers but has not shown any proof that the Surabians ever received the Motion to Expunge the Surabians or that the Motion was never returned as non-delivered and the Surabians are sure the Order will be overturned on Appeal.

11. Once the Expungement Order is Vacated because the Surabians never received the Motion to Object to it, the Surabian will then be customers of BLMIS as they always were and by the Trustee's failure to protect the Surabians will be another cause to support Removal.

12. With the Reversal of the Denied Motion to Subpoena the Records of BLMIS and Madoff himself, the Surabians will be able to show that the Trustee has paid those that can not support they are customers or their investing what was paid to them, thus denying true customers of their assets which will support the Surabians Motion to Remove the Trustee, these Appeals are necessary to get the true records and show the Trustee is prejudicial or incompetent in his

decisions or both.

13. If this Appeal goes forward without bring to final the issues raised, the Surabians and public at large will suffer a great prejudice, because right now the Trustee will say that the Surabians have no status and can not bring removal yet after, when the Expungement Order is over-turned because the Surabian did not receive a Motion that had such grave consequences related to the Surabians loss of such a large sum of assets to them, the same Trustee will be the one who will determine how to handle the Surabians and because of such, should have been Removed. If this Appeal goes forward prior to the overturning of the Denied Motions to Subpoena the Records of BLMIS and Bernard L. Madoff himself to show that the Trustee paid those that did not deserve to be paid will greatly prejudice the Surabians in their Appeal to Remove the Trustee now and forever prejudice and effect the interests of the public at large.

14. After the trustee is shown to have miss-handled the payments to customers and non-customers this will add to the support that the Trustee miss-handled collections and settlements which will which will have a grave effect in the interest of the public at large.

15. The Appellants' argument at the hearing on the Motion to Remove the Trustee was that the Trustee was acting in a prejudicial manner.

16. The Judge in his decision regarding Appellants Motion to Vacate the Expungement Order, Motion to Subpoena the Records of BLMIS and Subpoena Bernard L. Madoff himself, Noted that the Surabians are anti-Zionists but failed to mention the Surabian are True Israelites which the Surabians base their beliefs on the Word of Jesus Christ, the True GOD, John 8:31-47, more specifically John 8:44, Talking to the JEWS, "You belong to your father, the Devil, and you want to carry out your father's desires". Giving substance to the Appellants argument that the Trustee is prejudicial to the Surabian if the Trustee is a Pro-Zionist, which he has never stated he was not, which would be cause for removal as he would not be fair due to his beliefs and those of Bernard L. Madoff, protecting their fathers desires.

17. The interest of the public at large and their safety from this and future frauds relies on this appeal and these pending appeals to stop the continued fraud that this BLMIS conspiracy involves.

18. The Trustee admits there is thirty million plus documents to the records of BLMIS yet he want the Courts, Bankruptcy and this Court to believe him when he make an allegation that the Surabians are not listed as if he read all thirty plus million documents and that in those thirty million plus documents the Surabians are not listed in code or otherwise but then wants to deny the Surabians access to those same documents to prevent the Surabians from

discovering their accounts or in finding there is coded information referring to the Surabians accounts with BLMIS and then also wants to deny the Surabians access to Bernard L. Madoff who after some time behind bars may be willing to admit to opening the Surabians accounts himself and admitting why there accounts may not be listed in the records of BLMIS if the Surabians accounts are not found after the Surabians are allowed access to the Records.

**WHEREFORE**, all issues presented in the April 9, 2013 Motion for Stay have not been resolved, this Court must Allow this Motion for a Stay of Proceedings for the Appellants to have a fair and just Appeal and to protect the public at large by not moving so swiftly.

_____  
Steven Surabian Pro se  
1230 Rt. 28  
S. Yarmouth, MA 02664  
(508) 688-4613  
Date: June 25, 2013

_____  
Richard Surabian Pro se  
P.O. Box 397  
W. Hyannisport, MA 02672  
(508) 579-9834

## CERTIFICATE OF SERVICE

I certify that this 25th day of June, 2013 a true copy of the foregoing Motion to Stay Proceedings of Appeal of Order Denying Removal of Trustee was served by 1st class US Mail postage prepaid on David J. Sheehan and Jorian Rose, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111.

_____  
Steven Surabian





