No. 13-civ 935 (JGK)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

RICHARD SURABIAN, et al.,

Plaintiffs-Appellants,

-against

IRVING H. PICARD,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ____ 9/23/4

---

## APPEAL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

ADV. PRO. NO. 08-01789 (BRL)

SIPA LIQUIDATION

DENIED MOTION TO REMOVE IRVING H. PICARD
DOC. 5080 DATED NOVEMBER 14, 2012
BURTON R. LIFLAND UNITED STATES BANKRUPTCY JUDGE

---

## APPELLANTS RICHARD SURABIAN and
## STEVEN SURABIAN'S BRIEF

---

Richard Surabian
P.O. Box 397
W. Hyannisport, MA 02672
(508) 579-9834

Steven Surabian
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

## **TABLE OF CONTENTS**                    **PAGE**

TABLE OF CONTENTS.................................................................................i

APPENDIX TABLE OF CONTENTS...........................................................ii

I.    STATEMENT OF ISSUES PRESENTED FOR REVIEW..............................1

II.   STATEMENT OF THE CASE............................................................1

III.  STATEMENT OF FACTS RELEVANT TO THE ISSUES
       FOR REVIEW.................................................................................3

IV.  SUMMARY OF THE ARGUMENT................................................5

V.    ARGUMENT..................................................................................6

VI.  CONCLUSION................................................................................9

VII. CERTIFICATE OF SERVICE.....................................................10

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

1.   DID THE BANKRUPTCY COURT ERROR IN THEIR **ORDER**, MOTION DENIED and DENIED WITH PREJUDICE?

2.   DID THE BANKRUPTCY COURT ERROR IN THEIR **ORDER**, THAT THE BANKRUPTCY COURT SHALL RETAIN JURISDICTION WITH RESPECT TO ALL MATTERS RELATING TO THE INTERPRETATION OR IMPLEMENTATION OF THIS **ORDER**?

3.   DID THE BANKRUPTCY COURT ERROR IN THEIR CONCLUSION, **WHEREAS**, THE SURABIANS HAVE NOT SHOWN CAUSE FOR IMPLEMENTING THE EXTREME REMEDY OF REMOVING THE TRUSTEE, AS THEY HAVE FAILED TO SET FORTH SPECIFIC FACTS IN SUPPORT THEREOF, EITHER IN THEIR PAPERS OR AT HEARING, AND HAVE MADE ONLY UNSUPPORTED, CONCLUSORY ALLEGATIONS OF PREJUDICE ON THE PART OF THE TRUSTEE, and **WHEREAS**, AT MOST, THE SURABIANS HAVE SHOWN THAT THEY DISAGREE WITH THE TRUSTEE'S TREATMENT OF THEIR CLAIMS, WHICH CLEARLY DOES NOT RISE TO THE LEVEL OF DEMONSTRATING CAUSE FOR REMOVAL OF THE TRUSTEE?

4.   DID THE BANKRUPTCY COURT ERROR IN INCLUDING MARTIN M. SURABIAN WHEN MARTIN M. SURABIAN CLEARLY DID NOT FILE MOTION TO REMOVE THE TRUSTEE WHICH CLEARLY SHOWS THE BANKRUPTCY COURT DID NOT READ OR LISTEN CLEARLY TO THE MOTION AND ARGUMENTS PRESENTED IN THE SURABIANS PREVIOUSLY FILED PAPERS PERTAINING TO THE SURABIANS OBJECTIONS TO THE TRUSTEE'S SETTLEMENTS ETC. AND ORAL ARGUMENT?

## STATEMENT OF THE CASE

On August 21 2012, Richard Surabian and Steven Surabian mailed their

Motion to Remove Irving H. Picard as Trustee. Martin M. Surabian did not file a

Motion to Remove the Trustee. Judge Lifland Denied the Motion with prejudice

including Martin M. Surabian, preventing Martin M. Surabian from ever filing a

1

Motion to remove the Trustee with out ever giving Martin M. Surabian an

opportunity or giving Richard Surabian and Steven Surabian the opportunity to

Motion the Removal for future injustices regarding the Trustee's handling of the

Maddoff bankruptcy. On November 28, 2012 Richard Surabian an Steven Surabian

mailed theirNotice of Appeal Jury Demand. Richard Surabian and Steven Surabian

filed their Motion to remove the Trustee because the Trustee Denied the Surabians

claims, claiming that the Surabians were not listed in the books and records of

BLMIS without ever allowing the Surabians access to the Books and Records

because the Surabians knew they were direct customers because the opened their

accounts directly with Bernard Madoff himself back in the early 1990's. The

Trustee allowed claims from those simply because they were in the Books and

Records of a person who created the United States largest Ponzi scheme. Where

now, even the Trustee claims he will not pay according to those same records

because Madoff just invented those books, yet Irving H. Picard allowed as

customers those he claimed were listed and Denied those he claimed were not

listed in those same Books and Records while denying access to those same very

books and Records. Irving H. Picard also made settlements without showing how

and why he allowed other than saying it would be easier. He never showed how he

determined the amount owed because it could have been much larger nor did he

show the assets of those involves which would have shown if a larger settlement

could have been recovered with only a percentage of the extra amount recoverable as expense. The Trustee clearly did not have all the customers interests involved and for the public interest, the Trustee should have been Removed.

The Surabians did object to the Trustee's Denial of their eight claims and were to be given a hearing which never happened. The Bankruptcy Court never in the Order Denying the Surabians Motion to Remove the Trustee, ever indicated the Surabians had no status because the Surabians were not customers of BLMIS or for any other reason.

## STATEMENT OF THE FACTS

Martin M. Surabian never filed a Motion to Remove Irving H. Picard as Trustee, the Order Denying the Motion to Remove Irving H. Picard as the Trustee with prejudice included Martin M. Surabian. Clearly showing the Court erred in its Order and the Order must be Vacated.

The Surabians opened eight accounts directly with Bernard L. Madoff in the early 1990's. The Surabians timely filed their claims regarding the Madoff bankruptcy. The Trustee denied the Surabians eight claims stating that the Surabians were not listed in the Books and Records of BLMIS and only those listed would be determined by the Trustee to be customers.

Bernard L. Madoff had been conspiring and although the United States

3

Government determined he never bought any stocks or securities Bernard L.
Madoff had altered his books to reflect that he had.

The Trustee informed the Surabians that if they opposed the Trustee's
determination that the Surabians were not customers that they could timely request
a hearing. The Surabians did timely oppose the Trustee's Denial and have been
waiting for their hearing.

The Surabians were treated as customers as they were served with some of the
Trustee's filings with the Bankruptcy Court. The Surabians did object to several of
the Trustee's settlements and filed their opposition with the Court. The Trustee
even in his motion to distribute money to customers, never listed who the
customers were or how much was being distributed to whom. The Surabian filed
opposition and fearing that their money was being distributed to others and even to
others that may not have been customers but who simply because the Trustee
decided were going to be paid. Which forced the Surabians to Motion for the
Removal of the Trustee. The Trustee never contacted the Surabians directly and has
refused to supply the Surabians access to the very books and records the Trustee
claims the Surabians are not listed in and refused to allow the Surabians access to
Bernard L. Madoff claiming Madoff could not be credible, yet the Trustee accepted
as credible books and records altered by Bernard L. Madoff over the years,
although denying access to those very records which would show the Surabians

4

were customers and that some of the people the Trustee determined to be

customers were not.

At the Motion hearing the Trustee was not present to oppose the Surabians and

only supplied unsupported denials. The duty of a Trustee is to distribute fairly and

without prejudice the collected assets to all those entitled not to pick and chose

who the Trustee wants to pay and the Trustee is to collect as much of the assets as

he can to distribute. The Trustee failed to state who was being paid and how much

and did not show justifiable reason for determining who owed what and why a

settlement of Billions of dollars less was being excepted which resulted in

customers being paid substantially far less than they deserved.

## <u>SUMMARY OF THE ARGUMENT</u>

Surabians have eight accounts that they opened directly with Bernard L. Madoff

Since the early 1990's. After the public exposure of Madoff's sham of never

purchasing any securities the Surabians filed their timely claim. The Trustee

decided to Deny the Surabians Claims stating he did not find Surabians listed in

the Books and Records, all 20 plus Million documents that no one could read. Now

the Trustee even claims he can not trust what is in those books and records because

Madoff plained everything from the beginning same as the Surabians claimed. The

Trustee is Denying the Surabians access to the same books and records and even to

testimony from Madoff himself regarding his knowledge of the Surabians

5

accounts. The Trustee failed to collect a good portion of money he said was owed as well as he failed to furnish any details regarding how and why this money was owed and why he settled for a lot less which effected all customers not just the Surabians. The Trustee failed to protect the Surabians simply by saying he does not believe the Surabians yet he Allowed claims simply because Madoff listed his friends in the books and records the Trustee now says can not be taken as truthful.

The Trustee in his Motions to distribute the recovered assets did not list to whom and how much was being distributed to whom, the trustee's Motions are non informative and deny the Customers full knowledge as some customers may know that a person or group the Trustee is paying is in fact not a customer or did not invest that amount of monies, denying true customers their fair share.

The Trustee now says that if the Surabians are determined to be Customers he will pay them but if the Order stands as with prejudice the Trustee will not have to pay or do anything regarding the Surabians as they will not be able to motion for his Removal in the future.

## **ARGUMENT**

1. **DID THE BANKRUPTCY COURT ERROR IN THEIR IN THEIR ORDER, MOTION DENIED and DENIED WITH PREJUDICE? and**

4. **DID THE BANKRUPTCY COURT ERROR IN INCLUDING MARTIN M. SURABIAN WHEN MARTIN M. SURABIAN CLEARLY DID NOT FILE MOTION TO REMOVE THE TRUSTEE WHICH CLEARLY SHOWS THE BANKRUPTCY COURT DID NOT READ OR LISTEN CLEARLY TO THE MOTION AND ARGUMENTS PRESENTED IN THE SURABIANS PREVIOUSLY FILED PAPERS PERTAINING TO**

## THE SURABIANS OBJECTIONS TO THE TRUSTEE'S SETTLEMENTS ECT. AND ORAL ARGUMENT?

Richard Surabian and Steven Surabian as customers of BLMIS and without ever being served a motion to Expunge their Claims filed Motion to Remove the Trustee, Irving H. Picard because the Trustee was not protecting their claims and denied the Surabians Claims based on the Trustee's claim that the Surabians were not in the Books and Records of BLMIS yet denied the Surabians access to these very Books and Records. Martin M. Surabian did not file a Motion to Remove the Trustee and can not be denied the right to at a later date to file a Motion to Remove the Trustee. Martin M. Surabian filed Appeal Jury Demand from Judge Lifland's Order which Denied with prejudice the Removal of Irving H. Picard including Martin M. Surabian who never had the opportunity to file his argument for the removal of the Trustee. This clearly was a broad denial, same as if Judge Lifland included all customers or alleged customers of BLMIS from ever filing a Motion to Remove the Trustee no matter what the Trustee does or does not do.

The Order did not mention that the Surabians were not customers, so even though the Trustee would not pay the Surabians as he was paying other customers of BLMIS the Hearing Judge Denied with prejudice the Surabians Motion to Remove the Trustee because it was only the SURABIANS that were not being treated as customers. All other Non-customers were NOT CUSTOMERS and had

7

NO CLAIMS.

Surabians do not believe the Law allows for a Trustee to simply not pay whom he wishes not to pay in a Bankruptcy. If the Trustee can be Removed for not paying every customer or most customers, he should be able to be Removed for not paying one customer.

The Motion to Remove was not filed by Martin M. Surabian, see Motion.

**3. DID THE BANKRUPTCY COURT ERROR IN THEIR CONCLUSION WHEREAS, THE SURABIANS HAVE NOT SHOWN GOOD CAUSE FOR IMPLEMENTING THE EXTREME REMEDY OF REMOVING THE TRUSTEE, AS THEY HAVE FAILED TO SET FORTH SPECIFIC FACTS IN SUPPORT THEREOF, EITHER IN THEIR PAPERS OR AT HEARING, AND HAVE MADE ONLY UNSUPPORTED, CONCLUSORY ALLEGATIONS OF PREJUDICE ON THE PART OF THE TRUSTEE, and WHEREAS, AT MOST, THE SURABIANS HAVE SHOWN THAT THEY DISAGREE WITH THE TRUSTEE'S TREATMENT OF THEIR CLAIMS, WHICH CLEARLY DOES NOT RISE TO THE LEVEL OF DEMONSTRATING CAUSE FOR REMOVAL OF THE TRUSTEE?**

The Surabians have not failed to set forth specific facts in support of their Motion to Remove the Trustee. They have shown good cause for implementing the extreme remedy of Removing the Trustee.

The Surabians have shown that the Trustee does not pay customers and denies claims based on unsupported, conclusory allegation that the Surabians are not in the Books or Records of BLMIS and refuses to allow an examination of these very books and records. See Surabians Motions to subpoena books and records and Bernard L. Madoff and the Trustee's opposition.

It is a fact that the Trustee has not paid the Surabians and it is a fact that the Trustee allowed claims simply because Bernard L. Madoff listed them in his Books and Records as stated to by the Trustee and those accounts were paid or must be assumed to have been paid as the Trustee did not motion not to pay, this is a fact. The settlements are on file, the Trustee never showed how he determined money was owed or any background as to the parties involves regarding their net worth which should have been considered in determining a settlement. It is a fact the Trustee never mentioned enough information to make a knowledgeable and intelligent assessment of the settlement. See the Settlement Motions and Surabians Opposition.

## **CONCLUSION**

**WHEREFORE**, this Court must overturn Judge Lifland's Order and Allow The Surabians Motion To Remove The Trustee or Allow a Jury Trial regarding the Removal of the Trustee, Irving H. Picard.


Steven Surabian Pro se
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

Richard Surabian Pro se
P.O. Box 397
W. Hyannisport, MA 02672
(508) 579-9834

Date: September 19, 2013

9

## CERTIFICATE OF SERVICE

I certify that this 20th day of September, 2013 I served a true copy of the foregoing on Baker & Hostetler, LLP, counsel for the Trustee, Irving H. Picard, 45 Rockefeller Plaza, New York, NY 10111, Attn: David J. Sheehan.

Steven Surabian
P.O. Box 397
454 Craigville Beach Road
W. Hyannisport, MA 02672
(508) 688-4613

10

## <u>APPENDIX TABLE OF CONTENTS</u>          <u>PAGE</u>

1.   MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE
     FOR THE SUBSTANTIVELY CONSOLIDATED SIPA
     LIQUIDATION OF BERNARD L. MADOFF INVESTMENT
     SECURITIES LLC AND BERNARD L. MADOFF.........................................1

2.   ORDER DENYING MOTION TO REMOVE IRVING H. PICARD
     AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED
     SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT
     SECURITIES LLC AND BERNARD L. MADOFF.....................................23

3.   NOTICE OF APPEAL JURY DEMAND........................................................25

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION ) <br> CORPORATION, ) <br>  ) <br>     Plaintiff-Applicant, ) <br>  ) <br>     v. ) <br>  ) <br> BERNARD L. MADOFF INVESTMENT ) <br> SECURITIES LLC, ) <br>  ) <br>     Defendant. ) <br> In re: ) <br>  ) <br> BERNARD L. MADOFF, ) <br>  ) <br>     Debtor. ) | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

## <u>MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF</u>

We, Steven Surabian and Richard Surabian having accounts opened directly through Bernard L. Madoff with Bernard L. Madoff Investments Securities LLC ("BLMIS") and as claimants and customers having interest, Motion this Court for the Removal of Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff for the following reasons:

1. On July 26, 2012 Irving H. Picard ("Trustee") as Trustee through his Attorneys, filed Notice of Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

2. Accompanying the Trustee's Motion was a 75 page document titled **Miscellaneous,**

customers of BLMIS that the Trustee was intending on distributing the funds to after Order

Approving Second Allocation of Property to the Fund of Customer Property is Approved. See

attached Exhibit "A".

3.    On page 68 of 75 the name of Martin M. Surabian, Richard Surabian and Steven Surabian

are listed as customers Distribution is intended for by the Trustee. See Exhibit "B".

4.    The Trustee also attached additional 75 page document titled **File a Motion**, customers of

BLMIS that the Trustee claimed the Trustee was intending on distributing the funds to after his

Motion was Approved. See attached Exhibit "C".

5.    Again on page 68 of 75 the names of Martin M. Surabian, Richard Surabian and Steven

Surabian are listed as customers the Trustee intended on distributing  assets to if the Motion

Authorizing Second Interim Distribution To Customers is Approved. See attached Exhibit "D".

6.    Martin M. Surabian, Richard Surabian and Steven Surabian ("Surabians") as customers of

BLMIS, Filed Objection to the Second Interim Distribution to Customers on August 7, 2012.

7.    On August 15, 2012 Securities Investor Protection Corporation, filed Memorandum of Law

of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order

Approving Second Allocation of Property to the Fund of Customer Property and Authorizing

Second Interim Distribution to Customers.

8.    Kevin Bell certified  that true and correct copies of SIPC's Memorandum of Law in Support

was mailed to those parties as set forth on attached Schedule A, BLMIS Customers, page 3. See

attached Exhibit "E".

9.    On page 5 of Kevin Bell's Certificate of Service  was listed as customers of BLMIS were the

names of Martin M. Surabian, Richard Surabian and Steven Surabian. See Exhibit "F".

2

10. Also attached to Kevin Bells certificate was a 75 page document titled **File an answer to a motion**, and on page 68 was listed the names of Martin M. Surabian, Richard Surabian and Steven Surabian. See Exhibit "G".

11. On August 15, 2012 the Trustee, Irving H. Picard filed Trustee's Reply to Objections to Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

12. No. 4 of the Reply the Trustee indicates the Surabians filed the second objection.

13. Page 7 of the Trustee's Reply, **II.   The Surabian Objection** No. 17, the Trustee states that even though the Surabians were listed as customers the Trustee intended on distributing Allocation to if Approved see Exhibits A through G, the Trustee now indicates that he will not distribute to the Surabians if the Second Allocation is Approved. See Exhibit "H".

14. The Trustee claims that this Court has recognized that the Surabians were never customers or creditors of BLMIS, they will not receive any of these funds and have no standing to object to the Motion. The Trustee never attached any Court documents indicating the Surabians at hearing were judged not to to be customers and have no standing to object to the Motion. The Court just Overruled the objections and never notified the Surabians that they were not customers.

15. Who else listed as Customers of BLMIS, that the Trustee indicated in his Motion of the Second Allocation to Customers does the Trustee now not intend to Distribute funds to? If no one else, then the Surabians claim that the Trustee is showing prejudice.

15. A Trustee can not deny a claim based on his personal prejudices and if so must be removed by this Court.

17. The Trustee has never meet with the Surabians and only indicated several months ago that he

3

does not believe the Surabians are customers of BLMIS based on the records of BLMIS.

18. BLMIS records can not be considered as accurate by this court, otherwise customers would own stock in companies that the Court now claims were never purchased by BLMIS, even-though the records indicated to the customers that the stock was purchased for the customers.

19. The Surabians were never given accesses to the records of BLMIS to see were and how their assets were diverted and to whom.

20. The Surabians are True Israelites since the time of Jacob but are not and never would be Zionists and they now believe that Madoff being a Zionist and not liking the fact that not only were the Surabians not Zionists but were Anti-Zionists, plained on steeling their assets from the start.

21. Surabians now believe that if Madoff was never found out, that everyone would believe Madoff, that the Surabians never had accounts with BLMIS and he would get all their assets.

22. The Trustee is still willing to believe Madoff's records, not just regarding as he claims that Madoff's records do not indicate the Surabians as customers or at-least deny the Surabians, claiming that Madoff's records do not indicate that the Surabians were customers even if Madoff's records did but also that the Trustee is willing to pay customers as claimed on record even if they may be claiming what should be the Surabians accounts.

23. Martin M. Surabian would also be filing this Motion but has been hospitalized since August 11, 2012 over this Madoff scam and after hearing that the Trustee claims he was not a customer without out ever contacting him.

## CONCLUSION

**WHEREFORE**, we, Steven Surabian and Richard Surabian as customers and creditors of

4

BLMIS pray this Court Allow their Motion to Remove Irving H. Picard as Trustee for the

Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC

and Bernard L. Madoff or in the alternative Order the Trustee to Distribute to all Customers that

he indicated he intended to distribute to if his Motion Authorizing Second Interim Distribution to

Customers is Allowed including the Surabians.

Steven Surabian Pro se
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

Richard Surabian Pro se
P.O. Box 397
W. Hyannisport, MA 02672
(508) 579-9834

## CERTIFICATE OF SERVICE

I certify that this 21st day of August, 2012 I served by 1st class US Mail a true copy of
Motion To Remove Trustee to the Chambers of the Honorable Burton R. Lifland and (a) Baker &
Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, NY, NY 10111, Attn: David J.
Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite
800, Washington, DC 2005, Attn: Kevin H.Bell, Esq. postage pre-paid.

Steven Surabian

5

EXHIBIT

"A"

New York Southern Live System

New York Southern Live System

EXhiBiT

"B"

New York Southern Live System

Alan Sher

Jana Sherra

Jeffrey Sherra

Carter S. Sherra on behalf of Defendant Scott Jeremy Meyer
Sughrue Mion, P.L.L.C.
Suite 800
Minnesota Tower / LITTL 2501
1204 Figueroa Street
Smith, IL 35319

Nathan B. Sherra

Richard Sherra

Richard H. Shraber

Shirtin & Gallman Streets
90 S.E. Stephens & Co.
30 South Broad St
suite 3400
Tel (704) 463-0154

Nathalie Shipman

Spott & Jeanette Sherphin

Dawllin & Violet Sherphin

Scott Sherphin

Stephens Advisors, Inc.

Stephen Richard Reider & Sticks Reider

Stephen and Francine Popp?

Stellner 3/62 L.L.C.

Stellner 3/62 L.L.C.

Stellner Metro L.P.

Stellner Family Venture LLC

Stephan Stern

Stephen H. Stern

Stephen Lake 1903 Trust UDMT 01/03 AQ2401 As Amended

Stephen P. Miller Trust Robert Scherman Trustee

Steven P. Miller Trust Robert Scherman Trustee

Steven Neustein, Richard Neustein, Stephen M. Neustein

Beryl Steven

New York Southern Live System

Israel Scrono on behalf of Defendant Jonathan Greenberg
Fox Rothschild LLP
100 Park Avenue
15th Floor
New York, NY 10017

Marcus S. Scrono

Bernd Germany Subvencina

Sub International Innovation Ltd

Sicral International Innovation Ltd

Alexander Survey

Martin D. Struck

Gerald Szike

Susan Sullivan

Sook Family Trust

Surjay Lmha again Laura

Sanjay Ltd.

Martin M. Strahan

Richard Strahan

Steven Solodmon

Susan Murray Solovan

Susan Sur-Say Persona Trust

Sarah Solovan Gradia Tauvery Roy Anror YST 0753 2/3/7030

Stanley H. Survivan

Heinrich Vhag.

Apelin Tai & Sichum Tai

Tena M. T-design on behalf of Interveners Rasek Securities International Limited
Suboren, Kosgel, A-Dempty? J.D?
180H Phillips Point Way
177 South Light Drive
West Palm Beach, FL 33401 4156

Tamar Sloan Gallary

Todd Netmer Trust

Catherine Jong, Tete

Charles J. Tanaca

EXhiBiT

C

New York Southern Live System

U.S. Bankruptcy Court

Southern District of New York

Notice of Licensing Filing

EXHiBiT



"D"

12

Dieter Seserf

Stanley Mandelman Revocable Trust

Stanley Mandelman and Sarah Mandelman JT WROS

Diane Stark

Allan Starr

Irene Starrets

Jeffrey Starrs

Irving M. Stamer, on behalf of Elizabeth Rose Jeremy Meter
Scott Wexner Miller Wexner Model A.
Simovits P.A.
(Suite 2500)
Miami, FL 33129

Madison D. Stasys

Rachael Stern

Rachael H. Sternberg

Shauer & Celanes Stauder
c/o M. Seligman & Co.
Tel Aviv, 66153

Abraham Steinmetz

Bari & Annalee Stein-Stein

Doug Jr. & Vickie Stephelton

Scott Stephens

Stephaine Advisors, Inc.

Stephen Bertrand Stoder & Bicks Stoder

Stephen and Francine Seidel

Sto Stet, HSC L.L.C.

StoStet 201 LLLC

StoStet Nom., L.P.

StoStet Theory Venture LLC

Stephen Storm

Stephen H. Storm

Steve C. Jade Trust UDPT1972V0201 A-Amended

Steve Jolic 1993 Trust UDPT1993 V0389 A-Amended

Steve F. Heller Trust Robert Salomon Trustee

Steven Solomon, Richard Soloman, Nurse M. Soloman

Jared Sorwin

Fred Sorwin on behalf of Defendant Jonathan DeveProt,
Fred DeveProt LLP
New York, NY 10017

Maime S. Sorwin

Jacobi Courtney Soprova a

Sova International Investments Ltd

Alexander Story

Strand Instruments Investment Ltd.

Martin D. Staresh

Gerald Suder

Susan Sullivan

Sara Tawny Trust

Surgery Labs Surgery Center

Surgery Ltd.

Marin M. Surabian

Richard Surabian

Surya Surabian

Surya Monichi Surepy

Sevan Sarsone Private Plan

Sevan Solomon Family Terrace Rev Acting 4/NT UDTS 2G7/2000

Stanley H. Sorsson

Hanna Sorek

Apple T.d.A Ru.Form T.d

T.m..b.T..Com his on behalf of teneve Representative Mikhail Pitaratic Internsional Limited

13

EXhiBiT

"E"

14

## SCHEDULE A

Internal Revenue Service
District Director
290 Broadway
New York, New York 10008

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA  19101-7346

U.S. Department of Justice, Tax Division
Box 55
Ben Franklin Station
Washington, DC 20044

**Securities Investor Protection Corporation**
Kevin Bell – kbell@sipc.org
Josephine Wang – jwang@sipc.org

**Securities and Exchange Commission**
Alexander Mircea Vasilescu – vasilescua@sec.gov
Terri Swanson – swansont@sec.gov
Preethi Krishnamurthy – krishnamurthyp@sec.gov

**United States Attorney for SDNY**
Carolina Fornos – carolina.fornos @usdoj.gov
Alicia Simmons – Alicia.simmons@usdoj.gov
Matthew Schwartz – matthew.schwartz@usdoj.gov

**Counsel to the JPL**
Eric L. Lewis – Eric.Lewis@baachrobinson.com

**BLMIS Customers**

Remy Investments Corp
1-5 Harley Street
London W1G 9QD
England, United Kingdom

Edward H. Kohlschreiber
35455 Ocean Blvd. Apt. 607
South Palm Beach, FL 33480

Sonya Kahn
1701 South Flagler Drive Apt. 1703
West Palm Beach, FL 33401-7343

EXHIBIT

"F"

16

Martin M. Surabian
Alice V. Surabian in trust for Karan T. Surabian
Gregory Surabian
Erik M. Surabian
Stephanie La-Flash Surabian
Kristen E. Surabian
Richard Surabian
Steven Surabian
Stephanie La-Flash Surabian
P.O. Box 397
W. Hyannisport, MA 02672
and
1230 Rt. 28
South Yarmouth, MA 02664

Kenneth Springer
2267 Newbury Dr.
Wellington, FL 33414

Peerstate Equity Fund L.P.
c/o Lou Prochilo
43 West St.
Northport, NY 11768

Chris P. Tsukoa
A. Angelaki
1202 Parrilla de Avila
Tampa, FL 33613

Hilda Drucker
*5 Schenck Ave, Apt. 3-I*
Great Neck, NY 11021

John H. Petito
3639 River Road
Lumberville, PA 18933

Bernard W. Braverman
420 East 54th Street #25B
New York, NY 10022
(Courtesy) Email: berniebraverman@gmail.com

*Richard C. Brockway*
705 Harbour Drive
Vero Beach, FL 32963

EXhiBiT

G

18

**File an answer to a motion:**

08-01789-brl Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et a

U.S. Bankruptcy Court

Southern District of New York

Notice of Electronic Filing

The following transaction was received from Josephine Wang entered on 8/15/2012 at 5:28 PM and filed on 8/15/2012
Case Name:        Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a
Case Number:      08-01789-brl
Document Number: 4983

Docket Text:
Response to Motion *Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers* (related document(s)[4930]) filed by Josephine Wang on behalf of Securities Investor Protection Corporation. with hearing to be held on 8/22/2012 (check with court for location) Objections due by 8/8/2012, Reply due by 8/15/2012, (Attachments: # (1) Certificate of Service) (Wang, Josephine)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:Memo of Law - Second Allocation.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=8/15/2012] [FileNumber=11737455-0]
[319dd05896ab25e986eb33f7c2411254725440f42d11215b903e4e1780c7462c7e4
94ce813d202a276f8330a63b3a325f0dd49c519c7eb22266e2888af0fb79b]]
Document description: Certificate of Service
Original filename:Second Allocation Memo - COS.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=8/15/2012] [FileNumber=11737455-1]
[64f2aa002e01315f4adf528e06cf8515954d65992ebaed8ff8e06a3249f334f7a29f
35962ad496a0076997d2efdd7e6e94cdac62d710a68eeb630df70c8929cb]]

08-01789-brl Notice will be electronically mailed to:

Don Abraham on behalf of Creditor Claudia Faris
abrahamd@dicksteinshapiro.com, nybankruptcydocketing@dicksteinshapiro.com

Robert Alan Abrams on behalf of Defendant Jeanne T. Spring Trust
rabrams@katskykorins.com

Nathan D. Adler on behalf of Defendant 20:20 Medici AG
nda@nqgrg.com

Anna Conlon Aguilar on behalf of Unknown Karen Davis
aaguilar@conlonaguilar.com

Kathleen M. Aiello on behalf of Attorney Fox Rothschild LLP
kaiello@foxrothschild.com

Emily Alexander on behalf of Unknown FutureSelect Prime Advisor II, LLC, Merriwell Fund, LP, Telesis II, LLC, RCW Group, Inc. Ronald Ward and Dianne Ward
emilyalexander@tafattorneys.com

Paul H. Aloe on behalf of Defendant Ringler Partners LP
paloe@kudmanlaw.com, lwhite@kudmanlaw.com

Parvin K. Aminolroaya on behalf of Defendant Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Trust
paminolroaya@seegerweiss.com, dmora@seegerweiss.com;lholbrook@seegerweiss.com

Joshua S. Androphy on behalf of Defendant Marvin Olshan
jandrophy@olshanlaw.com

Stanley S. Arkin on behalf of Defendant Steven Mendelow
sarkin@arkin-law.com, dford@arkin-law.com;dpohl@arkin-law.com;ppope@arkin-law.com;hkaplan@arkin-law.com

Jan Douglas Atlas on behalf of Unknown Family Partners, LLP
atlas@kolawyers.com, cardoso@kolawyers.com;way@kolawyers.com

Martin J. Auerbach on behalf of Defendant Sumner Feldberg LP II
auerbach@mjaesq.com

Elizabeth Austin on behalf of Defendant Retirement Program for Employees of the Town of Fairfield
ea@pullcom.com, jgrossarth@pullcom.com

Robert H. Avaunt on behalf of Unknown Bonnie Mattozzi
ravaunt@gmail.com

Ernest E. Badway on behalf of Creditor Iris Schaum
ebadway@foxrothschild.com

Susan F. Balaschak on behalf of Creditor David and Irma Gross

*19*

ork Southern Live System

Steven Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended

Steven P. Heller Trust Robert Saltsman Trustee

Steven Surabian, Richard Surabian, Martin M. Surabian

Beryl Stevens

Fred Stevens on behalf of Defendant Jonathan Greenberg
Fox Rothschild LLP
100 Park Avenue
15th Floor
New York, NY 10017

Maxine S. Stewart

Bernd Dressinger Stiftungsrat

Sura International Investments Ltd

Alexandra Story

Strand International Investments Ltd.

Martha D. Strizich

Gerald Stuhr

Susan Sullivan

Sun Family Trust

Sunyei Ltd-Jacques Lamac

Sunyei Ltd.

Martin M. Surabian

Richard Surabian

Steven Surabian

Susan Miranda Selwyn

Susan Sansone Pension Plan

Susan Schemen Fradin Trustee Rev Agree TST DTD 5/23/2000

Stanley H. Sussman

Heinrich Svitak

Ayelet Tal & Nachum Tal

Tina M. Talarchyk on behalf of Foreign Representative Madoff Securities International Limited
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198

20

...gov/cgi-bin/Dispatch.pl?675262750163887

EXHIBIT

"H"

21

14.    The Trustee submits that this language, if approved by the Court and made part of the order on the Trustee's Motion, should resolve the Aufzien Objection as it relates to their avoidance action.

15.    The Aufziens, as defendants in pending avoidance actions, should not be permitted to delay distributions based on unsupported damages theories in those actions.

16.    In sum, if S&P, P&S, Ms. Del Casino and the Aufziens wish to stall $1 billion in distributions, they should have provided relevant case law or facts that provide some basis for finding 9% is an appropriate interest rate adjustment to customer claims in a SIPA case. They have not and their objections should be overruled.

## II.    The Surabian Objection

17.    The Surabians object because the Motion does not identify who will receive payments under the Second Interim Distribution. This is untrue. The Motion is clear that allowed customers will receive as little as $1.493 billion and as much as $2.427 billion, to be distributed pro rata to customers with allowed customer claims. Because this Court has recognized that the Surabians were never customers or creditors of BLMIS,[4] they will not receive any of these funds and have no standing to object to the Motion.[5]

---

[4] See Order, In re Bernard L. Madoff Inv. Sec. LLC, No. 08-01789 (BRL) (Bankr. S.D.N.Y. Apr. 19, 2012) (ECF No. 4779).

[5] The Surabians also objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue notwithstanding an identical absence of standing. (ECF No. 2052). The Court overruled the objection and approved the Trustee's proposed briefing schedule. (ECF No. 2205). More recently, the Surabians filed the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., et al. The objection was overruled by this Court and questioned as confusing and without basis. (Judge Lifland Tr. 8:1 May 16, 2012). The Surabians have also sought to be heard in response to the Scheduling Motion filed by the Trustee on the Time-Based Damages Issue, which the Trustee opposes for the same reasons asserted on each prior occasion. (ECF No. 4920).

22

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

### ORDER DENYING MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF

**WHEREAS**, before the Court is the Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (the "Motion") of Martin M. Surabian, Richard Surabian and Steven Surabian (collectively, the "Surabians"), and

**WHEREAS**, the Court has reviewed the Surabians' Motion, the Surabians' Notice of Motion, the Trustee's Objection to the Motion, the Surabians' Reply to the Trustee's Objection to the Motion, and

**WHEREAS**, a hearing was held on November 14, 2012 to consider the Motion (the "Hearing"), and

**WHEREAS**, section 324(a) of the Bankruptcy Code permits a bankruptcy court to remove a trustee "for cause," *see* 11 U.S.C. § 324(a), and

23

**WHEREAS**, removal of a trustee is "an extreme remedy" because it can severely impact the estate and all parties involved, *see Morgan v. Goldman (In re Morgan)*, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), and

**WHEREAS**, a party seeking the removal of a trustee must show specific facts supporting cause and "[a] conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee," *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003), and

**WHEREAS**, the Surabians have not shown cause for implementing the extreme remedy of removing the Trustee, as they have failed to set forth specific facts in support thereof, either in their papers or at the Hearing, and have made only unsupported, conclusory allegations of prejudice on the part of the Trustee, and

**WHEREAS**, at most, the Surabians have shown that they disagree with the Trustee's treatment of their claims, which clearly does not rise to the level of demonstrating cause for removal of the Trustee, and it is hereby

**ORDERED**, that the Motion is denied with prejudice;

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.


Dated: New York, New York
       November 14, 2012

                                        /s/ Burton R. Lifland
                                        UNITED STATES BANKRUPTCY JUDGE


24

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff-Applicant,

      v.

BERNARD L MADOFF INVESTMENTS
SECURITIES LLC,

      Defendant,

_____

In re:

BERNARD L. MADOFF,

      Debtor.

_____

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

**NOTICE OF APPEAL**
**JURY DEMAND**

    **NOW COMES** Richard Surabian and Steven Surabian and Martin M. Surabian's Notice of

Appeal of Order Denying Richard Surabian and Steven Surabian's Motion to Remove Irving H.

Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff

Investment Securities LLC and Bernard L. Madoff, dated November 14, 2012 Doc. 5080 Burton

R. Lifland United States Brankruptcy Judge.

_Steven Surabian_  
Steven Surabian Pro se  
1230 Rt. 28  
S. Yarmouth, MA 02664  
(508) 688-4613

_Richard Surabian_  
Richard Surabian Pro se  
P.O. Box 397  
W. Hyannisport, MA 02672  
(508) 579-9834

_Martin M. Surabian_  
Martin M. Surabian Pro se  
P.O. Box 397  
W. Hyannisport, MA 02672

Date: November 28, 2012

25



UNITED STATES POSTAL SERVICE

PRIORITY MAIL

Flat Rate Mailing Envelope

Visit us at usps.com

INTERNATIONAL RESTRICTIONS APPLY.
Customs forms are required. Consult the
International Mail Manual (IMM) at pe.usps.gov
or ask a retail associate for details.

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online

USPS TRACKING #

UNITED STATES
POSTAL SERVICE

From/Expéditeur:
Samuel Sprout
P.O. Box 34
Valley Stream
N.Y. 11582

To/Destinataire:
U.S. District Court
Pro Se Room
500 Pearl St.
New York, N.Y. 10007-1312
City/Country of Destination/Pays de destination:

PRO SE OFFICE

SEP 23 2013

USPS

PLEASE PRESS FIRMLY